UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────

No 08-CV-1773 (JFB) (AKT)

───────────────────

AUDI OF SMITHTOWN, INC. and AUDI OF HUNTINGTON, INC.,

Plaintiffs,

VERSUS

VOLKSWAGEN OF AMERICA, INC., K/N/A VOLKSWAGEN GROUP OF AMERICA, INC.,
D/B/A AUDI OF AMERICA, INC., and ATLANTIC IMPORTS, INC.,

Defendants.

───────────────────

**MEMORANDUM AND ORDER**
February 11, 2009

───────────────────

JOSEPH F. BIANCO, District Judge:

Plaintiffs Audi of Smithtown, Inc. ("Audi of Smithtown") and Audi of Huntington, Inc. ("Audi of Huntington") (collectively, "plaintiffs") commenced this action in the Supreme Court of the State of New York, Suffolk County, alleging that Volkswagen Group of America, Inc., d/b/a Audi of America, Inc. ("Audi" or "defendant") violated several provisions of New York's Franchised Motor Vehicle Dealer Act, Vehicle and Traffic Law § 460 *et seq.* Specifically, plaintiffs, who are two Audi dealers located in Suffolk County, allege that certain Audi dealer incentive programs violate certain price discrimination provisions of the Dealer Act because they result in new dealers – namely, Atlantic Imports, Inc. ("Atlantic Imports") in West Islip, New York – paying less than existing dealers for new and pre-owned vehicles.

On April 30, 2008, defendant Audi filed a Notice of Removal. On June 3, 2008, plaintiffs filed a motion to remand to state court due to lack of diversity jurisdiction. With respect to the jurisdictional issue, it is undisputed that there was a lack of complete diversity between the parties to the lawsuit at the time of removal if Atlantic Imports is a proper defendant, because plaintiffs and defendant Atlantic Imports are New York citizens for jurisdictional purposes. Thus, if Atlantic Imports was properly named in this action, the parties agree that this Court has no jurisdiction and remand is required. However, Audi contends that diversity jurisdiction exists and removal is proper because Atlantic Imports was fraudulently joined to the lawsuit

by plaintiffs.

For the reasons that follow, the Court concludes that Audi has failed to meet its burden of demonstrating fraudulent joinder and, thus, this Court lacks subject matter jurisdiction. Accordingly, pursuant to 28 U.S.C. § 1447(c), the action must be remanded to state court.

I. BACKGROUND

On March 31, 2008, plaintiffs filed this lawsuit in the Supreme Court of the State of New York, County of Suffolk, against Audi, as well as Atlantic Imports, who is allegedly a New York corporation and a new Audi dealer located in West Islip, New York who entered into a dealer agreement with Audi on May 10, 2007, and opened for business in or about August 2007.

According to the complaint, Audi maintains two incentive programs, under which payments are being made to Atlantic Imports, that violate New York's Franchised Motor Vehicle Dealer Act, Vehicle and Traffic Law § 460 *et seq.* (the "Dealers Act"), because Audi does not require Atlantic Imports to meet the same requirements for receiving payments that Audi requires of its other existing New York dealers. The complaint asserts that, by means of these incentive programs, Audi is violating the Dealers Act "by (i) selling motor vehicles to Atlantic Imports at a lower price than that charged by [Audi] to the plaintiff Dealers and (ii) by offering to sell, or selling, new vehicles of the same model to Atlantic Imports at a lower price, by means of an incentive program that is not available to the plaintiff Dealers on a proportionately equal basis." (Compl. ¶ 47; *see also id.* ¶ 48.)

The complaint asserts three causes of action against Audi: (1) a cause of action alleging a violation of Section 463 of the Dealers Act, seeking preliminary and permanent injunctive relief; (2) a cause of action alleging a violation of Section 463 of the Dealers Act, seeking recovery of money damages in an amount to be determined, but not less than $50,000; and (3) a cause of action alleging a violation of Section 463 of the Dealers Act, seeking recovery of attorney's fees, costs, and expenses. Although the complaint does not state a cause of action against Atlantic Imports or seek any relief against Atlantic Imports, the complaint seeks "preliminary and permanent injunctive relief enjoining and restraining [Audi] from administering its Incentive Programs so as to provide Atlantic Imports with any unlawful, discriminatory benefit." (*Id.* ¶ 44.) Accordingly, in the complaint, plaintiffs allege that "Atlantic Imports is a necessary party within the meaning of CPLR § 1001 because Atlantic Imports may be affected by any judgment in this action." (*Id.* ¶ 8.)

On April 30, 2008, defendants removed the instant action to this Court. On May 23, 2008, the Court "So Ordered" a stipulation between plaintiffs and Atlantic Imports in which, among other things, Atlantic Imports agreed to be bound and comply with any order of judgment of this Court granting the injunctive relief being sought in the complaint, and waived any right to challenge, oppose or appeal any such order or judgment. On May 28, 2008, pursuant to that Stipulated Order, plaintiffs voluntarily dismissed Atlantic Imports as a defendant without prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

On June 3, 2008, plaintiffs filed a motion to remand the instant action to state court

because of the absence of subject matter jurisdiction. On June 20, 2008, Audi filed its opposition to that motion. On June 27, 2008, plaintiffs filed their reply. On January 15, 2009, oral argument was held. The motion is fully submitted.

## II. DISCUSSION

In the instant motion, Audi contends that Atlantic Imports was fraudulently joined as a defendant because there is no cause of action against Atlantic Imports in the complaint and, thus, removal was proper because diversity jurisdiction exists. Plaintiffs assert that Atlantic Imports was not fraudulently joined because it was a necessary party under C.P.L.R. § 1001, as its rights under its dealer agreement with Audi could be impacted in a substantial manner by the injunctive relief sought in the instant action – namely, an injunction preventing Audi from bestowing certain benefits on Atlantic Imports pursuant to incentives programs under the dealer agreement. Therefore, plaintiffs argue, the lack of complete diversity of the parties at the time of removal requires remand to state court. As set forth below, having carefully considered the submissions of the parties, there is an insufficient basis for the Court to conclude that Atlantic Imports was fraudulently joined to this lawsuit. Thus, the Court lacks jurisdiction over this lawsuit and the case must be remanded.

### A. Legal Standard

"Generally, a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). "When a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 1:00-CV-1898, MDL 1358 (SAS), M 21-88, 2006 WL 1004725, at *2 (S.D.N.Y. Apr. 17, 2006) (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (quotation omitted)). Further, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)); *accord Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 367 (S.D.N.Y. 2006).

Section 1447(c) provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As such, "any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co. v. Housing Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir.1983) (internal quotation omitted). Moreover, diversity jurisdiction is determined at the time of removal. *See Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570-71 (2004); *CenterMark Properties Meriden*

3

*Square, Inc.*, 30 F.3d at 301.

It is axiomatic that federal courts only have diversity jurisdiction when there is complete diversity between the parties – that is, when all plaintiffs are citizens of different states from all defendants. *See* 28 U.S.C. § 1332; *Lincoln Property Co. v. Roche*, 546 U.S. 81, 88 (2005); *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). In other words, if any plaintiff shares citizenship of the same state as any defendant, complete diversity does not exist and diversity jurisdiction is lacking. However, as the Second Circuit has made clear, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998). When asserting fraudulent joinder, the removing defendant bears "a heavy burden." *Id.* at 461. Specifically, "[i]n order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Id.*; *accord Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 207 (2d Cir. 2001). Moreover, in this context, "all factual and legal issues must be resolved in favor of the plaintiff." *Pampillonia*, 138 F.3d at 461. In analyzing the fraudulent joinder issue, the court is permitted to look beyond the pleadings to resolve this jurisdictional question. *See Building and Const. Trades Council of Buffalo, N.Y. and Vicinity v. Downtown Dev., Inc.*, 448 F.3d 138, 150 (2d Cir. 2006) ("Although this ruling required the district court to look outside the pleadings, a court has discretion to do so when determining whether it has subject matter jurisdiction.") (citing *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002)); *see also Pampillonia*, 138 F.3d at 461-62 (looking to affidavits to determine if plaintiff's complaint alleged a sufficient factual foundation to support claims); *Consol. Fen-Phen Cases*, No. 03-CV-3081 (JG), 2003 WL 22682440, at *3 (E.D.N.Y. Nov. 12, 2003) (stating that, in analyzing fraudulent joinder, "courts can look beyond the pleadings to determine if the pleadings can state a cause of action"); *Arseneault v. Congoleum Corp.*, No. 01-CV-10657 (LMM), 2002 WL 472256, at *6-*7 (S.D.N.Y. Mar. 26, 2002) (considering deposition testimony and other material outside pleadings in order to resolve claim of fraudulent joinder).

Similarly, in order for there to be diversity jurisdiction, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). As noted *supra*, because Audi is seeking removal of the lawsuit to federal court, it "'has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" *Mehlenbacher v. Arzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (quoting *CenterMark Properties Meriden Square, Inc.*, 30 F.3d at 301). Moreover, "[t]o determine whether that burden has been met, we look first to the plaintiffs' complaint and then to [defendant's] petition for removal." *Mehlenbacher*, 216 F.3d at 296 (citation omitted). Finally, "[t]he Supreme Court has long held that separate and distinct claims raised by different plaintiffs may not be aggregated to satisfy the jurisdictional amount in controversy." *Id.* (citation omitted).

4

B. Analysis

As discussed below, the Court concludes that Audi has failed to demonstrate that complete diversity of the parties existed at the time of removal or that the requisite jurisdictional amount in controversy has been met. The Court will address each issue in turn.

1. "Complete Diversity" Issue

In response to plaintiff's motion to remand, although Audi concedes that Atlantic Imports is a New York citizen and would destroy complete diversity as a defendant, it contends that Atlantic Imports should be disregarded in determining whether complete diversity of citizenship exists because it was fraudulently joined. As set forth below, the Court disagrees.

Audi relies on the language in the *Pampillonia* decision, repeated in many cases, that fraudulent joinder occurs where "there is no possibility, based on the pleadings, that a plaintiff can state *a cause of action* against the non-diverse defendant in state court." *Pampillonia*, 138 F.3d at 461 (emphasis added). Focusing on the use of the term "cause of action," Audi argues that *Pampillonia* mandates that a cause of action must exist against the non-diverse defendant in order for it to be considered for diversity purposes. (*See* Audi's Opposition Memorandum of Law, at 12 n.6 ("the standard is not whether or not a plaintiff has 'properly joined' a defendant, but instead whether or not the plaintiff can plead a 'cause of action' against the defendant").) However, the Court disagrees with the contention that this is the applicable standard and believes that there is no absolute requirement that a party have a separate cause of action against it. The use of that "cause of action" language simply reflects the fact that generally a defendant is named because plaintiff seeks some affirmative relief against the defendant in connection with a cause of action and, under such circumstances, the jurisdictional inquiry focuses on whether a cause of action exists. Contrary to Audi's suggestion, *Pampillonia* should not be read to stand for the proposition that the existence of a "cause of action" is the sole basis upon which a defendant can properly be considered for diversity of jurisdiction purposes.[1] Instead, a necessary or

---

[1] The strained, narrow interpretation of the *Pampillonia* decision urged by Audi is further undermined by cases where the Second Circuit and other courts have, in the context of Rule 19 of the Federal Rules of Civil Procedure, suggested that necessary and indispensable parties are considered for diversity jurisdiction purposes. *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 384 (2d Cir. 2006) ("If the district court's ruling that Visa is not a necessary and indispensable party is erroneous, then, because Visa's joinder would destroy diversity jurisdiction, the underlying action must be dismissed for lack of subject matter jurisdiction."); *see also Burns v. Friedli*, 241 F. Supp. 2d 519, 523 (D. Md. 2003) (rejecting fraudulent joinder argument and remanding case because of existence of non-diverse company defendant as a party because of, among other things, the following: "It . . . is plain from the face of the complaint that . . . [the company] has interests that may be directly and substantially affected by the outcome of the suit. Moreover, it appears that the remedies requested, particularly the aforementioned injunctive relief, may not be accorded in [the company's] absence.") (internal quotation and citation omitted); *Lee v. Kim,* No. 97-CV-4406 (DC), 1998 WL 20003, at *6 (S.D.N.Y. Jan. 20, 1998) ("I note that diversity jurisdiction does not sustain this action because an indispensable party to this action . . . has not been joined, and joinder would destroy diversity as

5

indispensable party to a lawsuit, even where no specific cause of action is asserted against it, should be considered for diversity of jurisdiction purposes if it is a real party to the controversy. *See Calcote v. Texas Pac. Coal & Oil Co.*, 157 F.2d 216, 218 (5th Cir. 1946) ("In diversity cases, the question of indispensable parties is inherent in the issue of federal jurisdiction . . . ."). Although necessary or indispensable parties should be considered, nominal or formal parties should be disregarded. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"). Therefore, if a party is not simply a nominal or formal party but is named because it is a necessary party under state law that has interests that will be directly affected by the adjudication of the lawsuit, then such party is properly considered for purposes of diversity of jurisdiction, even if there is no specific cause of action asserted against that party.

In the instant case, there is no question that plaintiffs properly named Atlantic Imports as a necessary party under New York law as required under C.P.L.R. § 1001.[2]

between the parties.").

[2] Under these circumstances, where the issue is fraudulent joinder, the Court looks to state law in order to determine the nature of Atlantic Imports' interest in this litigation for jurisdictional purposes at the time of removal. *See, e.g., Allen v. Baker*, 327 F. Supp. 706, 709 (N.D. Miss. 1968) ("[I]n spite of defendant's disavowals in this regard, the question necessarily is one of joinder, for the citizenship of these survivors only becomes relevant to the jurisdictional question here presented if it is determined that their interest in this action is of such a nature that this court could not proceed to the merits without their presence .

Section 1001 provides, in relevant part, the

. . . Where diversity of citizenship affords the jurisdictional basis, the nature of an interest in litigation depends upon the law of the state concerned. For in a diversity case, state substantive law will govern in determining the rights and interests of all concerned.") (quotations and citations omitted). Audi suggests that, regardless of the propriety of including Atlantic Imports as a necessary party under Section 1001, Atlantic Imports is not a necessary party for federal proceedings after removal. (Audi Opposition Memorandum of Law, at 12 n.7.) However, the Court disagrees with that contention. As plaintiffs noted, "[Audi] offers the rather remarkable argument that a non-diverse defendant, properly joined as a party under state law in a state court action, which would lose its right to receive substantial monetary benefits if plaintiffs succeed on the merits is, nevertheless, following removal, not a properly joined party and does not destroy diversity. In order to pull this argument off, Audi essentially argues that the act of filing a Notice of Removal can magically transform a properly joined adverse party under state law into a fraudulently joined party under federal law." (Plaintiffs' Reply Memorandum of Law, at 1.) This Court agrees with plaintiffs that the jurisdictional analysis for removal occurs at the time of removal based upon the necessity of the party under state law. *See Andalusia Enters., Inc. v. Evanston Ins.* Co., 487 F. Supp. 2d 1290, 1295 (N.D. Ala. 2007) ("[The] removal statute contemplates the determination of the question of removability using the lineup of the parties at the time of removal, unless that lineup is facially improper. Here it was both proper and mandated by Alabama procedure."). In any event, the Court concludes that, whether state law (under Section 1001) or federal law regarding joinder of parties is applied in this case, the result is the same – Atlantic Imports was properly joined as a defendant in state court, would be a necessary and indispensable party under federal law that would destroy diversity jurisdiction, and is properly considered as a real party in interest for jurisdictional purposes.

6

following: "Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants." C.P.L.R. § 1001(a). Because plaintiffs' complaint seeks injunctive relief restraining Audi from administering its incentive programs in connection with its dealer agreement with Atlantic Imports, such relief would certainly inequitably affect Atlantic Imports by precluding Audi from providing certain benefits to Atlantic Imports. Therefore, plaintiffs properly named Atlantic Imports as a necessary party under Section 1001.[3] However, this Court should only consider this party if it was a real party in controversy, rather than simply a nominal or formal party. On that issue, the Court concludes that Atlantic Imports was a real party in controversy because, as noted above, it had a material interest in the subject matter of the controversy, and such interest would be directly affected by the adjudication of this lawsuit. In fact, even Audi contends (in connection with the jurisdictional amount issue) that "the injunctive relief would, if granted, enjoin Audi from making payments to Atlantic Imports in excess of $75,000." (Audi Opposition Memorandum of Law, at 5.) In short, because Atlantic Imports was properly named as a necessary party under New York law (C.P.L.R. § 1001) and it was a real party in interest to this lawsuit (rather than a nominal or formal party), it was not fraudulently joined and is properly considered for diversity jurisdiction purposes. Moreover, because Atlantic Imports' interests are clearly aligned with Audi, it was properly characterized as a defendant in the suit. *See Mattila v. Injured Patients and Families Comp. Fund*, No. 07-C-50-C, 2007 WL 5517456, at *1 (W.D Wis. Oct. 12, 2007) ("The parties' formal designation of a party in the complaint as a plaintiff or defendant is not controlling. 'The court will look beyond the pleadings, and arrange the parties according to their sides in the dispute.'") (quoting *City of Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 180 (1905)). Accordingly, given that Atlantic Imports destroys complete diversity of the parties, subject matter jurisdiction does not exist in this case.

This Court's conclusion is consistent with numerous other courts that have considered this precise issue and held that such necessary parties, who are not simply nominal or formal parties to the suit, should be considered for diversity jurisdiction purposes. For example, in *Birnbaum v. SL&B Optical Centers, Inc.*, 905 F. Supp. 267, 269-71 (D. Md. 1995), in an action brought by a minority shareholder of franchisees against franchisees and others seeking dissolution of the franchisees, the court found that the franchisees were not fraudulently joined and granted the motion to remand for lack of diversity of citizenship. Specifically, although no wrongdoing was specifically alleged against the franchisees and no causes of action were directly stated against them, the court concluded that the franchisees were proper defendants under Maryland law in a suit for dissolution. *Id.* at 270. The court also concluded that they were not nominal or formal parties and thus found jurisdiction lacking:

---

[3] In fact, Audi does not even attempt to argue in its papers that such joinder was improper under state law; rather, Audi simply argues it should be ignored. (*See* Audi's Opposition Memorandum of Law, at 12 ("[U]nder the standard established in *Pampillonia*, 'fraudulent joinder' has occurred. This result maintains even if Plaintiffs properly added Atlantic Imports in state court under New York CPLR § 1001.").)

7

Because the property interests of the Franchisees are at stake in this suit, they cannot be considered nominal or formal parties. Although the allegations of wrongdoings in count III are not directed at the Franchisee defendants, the resolution of the claim could result in their dissolution. The Franchisees are more than mere stakeholders in the instant suit. They have a strong personal interest in the outcome of the case and thus, the Court must regard the Franchise[e]s as more than "formal or nominal" parties. Because the Franchisees are neither fraudulently joined nor are nominal or formal parties, the Court finds that it lacks jurisdiction over this suit and must grant plaintiff's motion to remand.

*Id.* at 271; *see also Baella-Silva v. Hulsey*, 454 F.3d 5, 10 (1st Cir. 2006) (company was a necessary party because Puerto Rico law does not recognize attorneys' liens and, thus, properly considered for jurisdictional purposes); *Andalusia Enterprises, Inc. v. Evanston Ins.* Co., 487 F. Supp. 2d 1290, 1294-96 (N.D. Ala. 2007) (in state-court declaratory judgment suit brought by insureds against their insurers and tort counterclaimant, nondiverse tort claimant was necessary party to declaratory judgment action under Alabama law and, as a proper party defendant, was not fraudulently joined to evade removal).[4] In short, the Court concludes that Audi has failed to show fraudulent joinder of Atlantic Imports to this lawsuit and there was no complete diversity of the parties at the time of removal.

Although not specifically raised in the motion papers, the Court has also considered the impact of this conclusion given that Atlantic Imports, following removal, was voluntarily dismissed by plaintiffs from this lawsuit without prejudice, pursuant to a "So Ordered" stipulation, in which Atlantic Imports agreed to be bound and comply with any order of judgment of this Court granting the injunctive relief being sought in the complaint, and waived any right to challenge, oppose or appeal any such order or judgment. As a threshold matter, the Court recognizes that, in *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996), the Supreme Court held that the pre-trial dismissal of the only non-diverse defendant in that case pursuant to a settlement agreement cured the jurisdictional defects by the time of judgment. Lower courts continue to debate the precise contours of the Supreme Court's ruling in *Caterpillar* in terms of the circumstances in which a state case lacking complete diversity at the time of removal can be cured by the post-removal elimination of the non-diverse party. *See generally* 14B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE JURISDICTION § 3723, at 588 (3d ed. 1998) ("The somewhat more contentious and as yet undefined doctrine has emerged that even though removal may have been improper due to a lack of diversity of citizenship at the time of removal, if the defect subsequently is cured before it is noticed, the federal court has

---

[4] Audi's reliance on *New York State Ins. Fund v. U.S. Liability Ins. Co.*, No. 03-CV-6652 (LMM), 2004 WL 385033 (S.D.N.Y. Mar. 2, 1994) to support its position is misplaced. In that case, the court concluded that the non-diverse defendants were nominal parties and, even if not nominal, they should be re-aligned as plaintiffs because the relief sought would benefit them. *Id.* at *2-*3.

However, that analysis is inapposite here where Atlantic Imports is not merely a formal or nominal party, and its interests are clearly adverse to plaintiffs.

8

subject matter jurisdiction to enter judgment.") However, that ongoing debate is not critical under the circumstances of this case for two reasons. First, in the circumstances here – where the Court "So-Ordered" the stipulation involving Atlantic Imports and thus retained jurisdiction over the settlement – the voluntary dismissal of Atlantic Imports does not eliminate it from consideration for diversity purposes even in *Caterpillar*. In fact, this precise issue was addressed by the Second Circuit in *Herrick Co. v. SCS Commc'ns Inc.*, 251 F.3d 315 (2d Cir. 2001), in which the Second Circuit found that continued jurisdiction over the settlement of the non-diverse party could not cure the jurisdictional defect:

> The assertion of supplemental jurisdiction over the settlement, precisely because it involves no independent jurisdictional basis separate from the original dispute, must be understood to imply an assertion of continued involvement in and jurisdiction over that original dispute. Accordingly, the jurisdictional defect caused by [the non-diverse party's] inclusion as a defendant remains in place – and continues to destroy federal jurisdiction over the original suit – right up through the present day.

*Id*. at 328. In reaching this decision, the Second Circuit distinguished such circumstances from *Caterpillar* where the district court did not retain jurisdiction over the settlement and voluntary dismissal. *Id.* at 328 n.10 ("The record in *Caterpillar* reveals that when the district court dismissed the settling defendant, it neither retained jurisdiction over the settlement nor 'so-ordered' the settlement's terms as part of the dismissal. Accordingly, by the settlement, the non-diverse defendant was genuinely eliminated from the case."). Therefore, because this Court "So Ordered" the stipulation of the settlement between plaintiffs and Atlantic Imports that led to the voluntary dismissal, the lack of complete diversity is still not cured and the *Caterpillar* exception does not apply. Second, as noted below, the Court also concludes that the requisite jurisdictional amount has not been met, thus providing a second barrier to subject matter jurisdiction by this Court, even if the issue of lack of complete diversity could be cured.

2. The Jurisdictional Amount Issue

Even assuming *arguendo* that there was complete diversity, the Court concludes that Audi has failed to demonstrate that the amount in controversy exceeds the jurisdictional amount. It is well settled that "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 273-74 (2d Cir. 1994).

The complaint seeks an award of damages "which is not less than $50,000." (Compl. at 15.) Such a statement in the complaint is insufficient, by itself, to satisfy the $75,000 jurisdictional requisite and confer diversity jurisdiction. *See Lupo*, 28 F.3d at 273-74 (diversity jurisdiction lacking where complaint alleged amount in controversy "in excess of $15,000" and the then-amount-in-controversy minimum was $50,000).

Although Audi asserts two grounds for

9

showing that the amount in controversy exceeds the jurisdictional minimum, the Court does not find either ground sufficient. First, in its removal petition, Audi contends that "[t]he Complaint seeks to enjoin certain aspects of certain incentive programs currently being operated by Audi, pursuant to which Audi will be paying in excess of $75,000." (Removal Petition, at 3.) Thus, Audi contends that "with respect to the injunctive relief sought by Plaintiffs, the injunctive relief would, if granted, enjoin Audi from making payments to Atlantic Imports in excess of $75,000." (Audi Opposition Memorandum of Law, at 5.) The Court recognizes, in determining the amount in controversy, the Court should consider the injunctive relief sought. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *DiTolla v. Doral Dental IPA of New York, LLC,* 469 F.3d 271, 276 (2d Cir. 2006); *see also A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82 (2d Cir. 1991) ("Where the plaintiff seeks injunctive relief, the value of his claim is generally asserted with reference to the right he seeks to protect and measured by the extent of the impairment to be prevented by the injunction."). However, to the extent that Audi is seeking to rely on the value of the incentive programs that would be enjoined as to Atlantic Imports if the plaintiffs were successful in obtaining the requested injunctive relief, the Court finds such reliance misplaced because amount in controversy "is calculated from the *plaintiff's standpoint*," *Kheel v. Port of New York Authority*, 457 F.2d 46, 49 (2d Cir. 1972) (emphasis added), rather than any defendant or third party. *See, e.g., Leyse v. Domino's Pizza LLC*, No. 04-CV-2411 (HB), 2004 WL 1900328, at *3 (S.D.N.Y. Aug. 24, 2004) ("'The Second Circuit has held that the amount in controversy for jurisdictional purposes should be measured strictly from the plaintiff's perspective, without regard to the amount at stake for any other party.'") (quoting 15 MOORE'S FEDERAL PRACTICE – CIVIL § 102.109[3], at 102-99 (3d ed. 1998) (internal citations omitted)); *see also Alicea v. Circuit City Stores, Inc.*, 534 F. Supp. 2d 432, 435 (S.D.N.Y. 2008) ("[defendant's] post-removal argument that costs of compliance may be counted to meet the jurisdictional requirement also is not objectively reasonable because the Second Circuit had held, prior to the filing of this lawsuit, that the value of the claims is measured from the plaintiff's perspective"). Therefore, the costs to Audi and/or Atlantic Imports, or benefits from the incentive programs that would be lost by Atlantic Imports, which would ensue if the injunctive relief were granted in this case, are not considered in assessing the jurisdictional amount.

In an attempt to avoid this jurisdictional defeat, Audi contends, although not specifically asserted in the removal petition, that "even from the perspective of Plaintiffs, the value of the injunctive relief sought by each of the Plaintiffs exceeds $75,000." (Audi's Opposition Memorandum of Law, at 6.) In particular, Audi asserts that, because the complaint alleges that the incentive programs "threaten the profitability and going-concern value of the Dealers" (Compl. ¶ 19) and an affidavit in another lawsuit suggests that several million dollars were invested in Audi Smithtown, the requisite jurisdictional amount is satisfied. For the same reason, Audi argues that the monetary claims will exceed $75,000. However, these conclusory statements in the removal petition and/or Audi's Opposition Memorandum of Law are insufficient to demonstrate that there is a "reasonable probability" that the jurisdictional amount will be met. *See, e.g., United Food & Commercial Workers Union*

*Local 919 v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) ("a boilerplate demand statement setting forth an open-ended demand for an amount in excess of $15,000, without more, falls well short of the type of proof we require from defendants to establish that the $50,000 amount in controversy requirement is met in an action seeking primarily injunctive relief."); *Kaur v. Levine*, No. 07-CV-0285 (FB)(JO), 2007 WL 210416, at *2 (E.D.N.Y. Jan. 26, 2007) ("The [*Mehlenbacher*] decision provides no support for the proposition that a personal injury claim alleging damages in an unspecified amount over $50,000 should be assumed to exceed the $75,000 statutory jurisdictional threshold simply because the complaint alleges 'great mental pain and anguish' and involves family members of a decedent."); *see also Wood v. Option One Mortgage Corp.*, 580 F. Supp. 2d 1248, 1253-54 (N.D. Ala. 2008) ("While this court recognizes that the requisite amount in controversy might exist, '[i]f the court asserts jurisdiction on the basis of the defendant's speculative assertions, it implicitly accepts rank speculation as reasonable inquiry [per Rule 11]. This could undermine the requirement of reasonable inquiry not only in removal situations, but also in other contexts.'") (quoting *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1215 n.67 (11th Cir. 2007)). For example, there is no information at all regarding the value of incentive payments of which plaintiffs have been deprived, which were allegedly made to Atlantic Imports since it was formed. The basis for the amount in controversy should not be grounded in sheer speculation by the Court about the car industry, or the nature of car dealerships and/or incentive programs. Thus, in the absence of any evidence whatsoever regarding the potential level of monetary damages in this case (or the related value of injunctive relief to plaintiffs), the generalized statement in the complaint that Audi's conduct threatens the plaintiffs' "profitability" and "going-concern value" does not provide a sufficient basis for concluding that the jurisdictional minimum amount is met in this case.[5]

In sum, defendant has failed to show that Atlantic Imports was fraudulently joined (or was only a nominal or formal party) and has failed to show a reasonable probability that the requisite jurisdictional amount will be satisfied in this case. Accordingly, this Court lacks subject matter jurisdiction over this lawsuit and, pursuant to 28 U.S.C. § 1447(c), plaintiffs' motion to remand the action to state court is granted.[6]

---

[5] Audi correctly notes that, when pleadings are inconclusive as to the amount in the controversy, the Court may look outside the pleadings (or removal petition) to other evidence in the record. *See CenterMark Properties Meriden Square, Inc.*, 30 F.3d at 305. However, the Court has found no evidence anywhere in the record to support the assertion that there is a "reasonable probability" in this case that the jurisdictional amount will exceed $75,000.

[6] Finally, the Court notes that, because there has not been subject matter jurisdiction over this case at any point since its removal, the Court's "So Ordering" of the stipulation of settlement between plaintiffs and Atlantic Import is a nullity and this Court does not have jurisdiction to enforce any settlement between those parties. *See Herrick Co. v. SCS Commc'ns Inc.*, 251 F.3d 315, 328 (2d Cir. 2001)(where court had no proper federal jurisdiction over initial lawsuit, it could not retain jurisdiction over settlement); *see also Guiterrez v. Fox*, 141 F.3d 425, 426 (2d Cir. 1998) ("Without jurisdiction, any decision or ruling by the court would be a nullity.").

## III. Conclusion

For the foregoing reasons, pursuant to 28 U.S.C. § 1447(c), Audi of Smithtown and Audi of Hungtington's motion to remand for lack of federal diversity jurisdiction is GRANTED.[7] The action is hereby REMANDED to the Supreme Court of the State of New York, Suffolk County.

---

[7] In connection with the motion to remand, plaintiffs also seek an award of costs and expenses, including attorneys' fees. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Circle Indus. USA Inc. v. Parke Constr. Group, Inc.*, 183 F.3d 105, 109 (2d Cir. 1999) (stating that the goal of this provision "is to deter improper removal . . . . While the simplicity of [the removal] procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it."). Although this Court has concluded that removal was improper, Audi had an objectively reasonable basis to at least seek removal given the above-referenced issues regarding Atlantic Imports' status in the case and the ambiguities in the jurisdictional amount. Moreover, there is no evidence that the removal was done in bad faith, such as to harass or delay. In fact, the parties continued to proceed with discovery while this jurisdictional issue was being briefed. Therefore, plaintiff's request for costs and expenses, including attorneys' fees, is denied because there is no basis for such an award under the circumstances of this case.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: February 11, 2009
Central Islip, New York

\* \* \*

The attorneys for plaintiffs are David Clifford Burger and Russell Pries McRory, Robinson Brog Leinwand Greene Genovese & Gluck, P.C., 1345 Avenue of the Americas, 31st Floor, New York, New York, 10105. The attorneys for defendant Volkswagen of America, Inc. are Eric J. Stock, Hogan & Hartson LLP, 875 Third Avenue, New York, New York, 10022 and Brandon C. Prosansky, James R. Vogler and Randall L. Oyler, Barack Ferrazzano Kirschbaum & Nagleberg LLP, 200 West Madison Street, Suite 3900, Chicago, Illinois, 60606. The attorneys for defendant Atlantic Imports are Mark S. Mulholland and Matthew Didora, Ruskin Moscou Faltischek, P.C., 190 EAB Plaza, East Tower, 15th Floor, Uniondale, New York, 11556.